UNITED STATES v. J. A. & W. BIRD & CO.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 141 (4,593).

Customs Duties (§ 24*)—Classification—Enamel "White Paint Ground in Oil"—"Paints Ground with Solutions Other Than Oil."

Enamel white paint, which contains zinc, but not lead, and is ground in oil, and to which, after grinding, certain ingredients are added to increase the gloss, is dutiable as "white paint * * * containing zinc, but not containing lead, * * * ground in oil," rather than "paints * * * ground * * * with solutions other than oil," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, pars. 57, 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630).

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 41, 42; Dec. Dig. § 24.*]

———————

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision below reversed a decision by the Board of United States General Appraisers (G. A. 6,449, T. D. 27,633), which had in part sustained the importers' protests against the assessment of duty by the collector of customs at the port of New York. The opinion filed by the Circuit Court reads as follows:

PLATT, District Judge. The merchandise in question, which is invoiced as "zinc white paint" and "ripolin," and which is also known as "enamel white paint," was classified by the collector for duty at 35 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 53, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), as a varnish, or as a paint "not otherwise provided for," at 30 per cent. ad valorem under the provisions of paragraph 58 of said act. The importer protested, claiming said merchandise properly dutiable at 1¾ cents per pound under paragraph 57, as "zinc, oxide of, and white paint or pigment, containing zinc, but not containing lead, * * * ground in oil," or, alternatively, where the varnish rate was taken, at 30 per cent. ad valorem under paragraph 58 of said act as a paint. The Board of General Appraisers sustained the protest under said paragraph 58. From this decision the importers appeal to this court, insisting that paragraph 57 more aptly describes the merchandise in question.

I am of the opinion that oxide of zinc and white paint as found in paragraph 57 are not synonymous terms. I think the language of the paragraph clearly indicates that Congress had in mind a distinction between an imported article, which is composed of oxide of zinc either dry or ground in oil, and articles which may be called white paint or pigment containing zinc either dry or ground in oil. So far as I have examined the testimony here, it tends to show that the merchandise in question is a white paint containing zinc, but not containing lead, ground in oil, and thus exactly described by the terms of paragraph 57. It is true that, after having been ground, certain ingredients were added to increase the gloss; but I cannot see that the materials thus added change the character of the article imported, if we assume the article imported to have been a white paint. De Jonge v. Magone, 159 U. S. 562, 16 Sup. Ct. 119, 40 L. Ed. 260; United States v. Dudley, 174 U. S. 670, 19 Sup. Ct. 801, 43 L. Ed. 1129; Myers v. United States, 147 Fed. 204, 77 C. C. A. 430. I cannot concur in the board reasoning that paragraph 57 by its terms excludes a liquid paint. The same reasoning would exclude liquid paint from classification under numerous other paragraphs of the paint schedule where the phrase "ground in oil," or other solutions, occurs, including paragraph 58, under which the board held the merchandise in suit to be dutiable.

The decision of the Board of General Appraisers is reversed, following the decision of Judge Townsend in Pomeroy & Fischer v. United States (C. C.) 126 Fed. 583.

D. Frank Lloyd, Asst. U. S. Atty. (Charles D. Lawrence, Asst. Treasury Counsel, on the brief), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Decision affirmed, on the opinion of Judge Platt.